IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 4:09-CV-80-FL

| DORIAN HADDOCK, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM & RECOMMENDATION** |
| TRIBUTE PROPERTIES, | ) |
| Defendant. | ) |

This matter comes before the Court upon Defendants' motion to dismiss (DE-5). Plaintiff has failed to respond to this motion, and the time for doing so has expired. Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1), this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that Defendants' motion to dismiss (DE-5) be GRANTED and that Plaintiff's Complaint (DE-3) be DISMISSED in its entirety.

As an initial matter, Plaintiff's sister has filed several documents on Plaintiff's behalf (DE's 11, 12, 13, 15). There is no indication that Plaintiff's sister is a licensed attorney. Nor has there been any showing that she is otherwise entitled to prosecute this law suit on behalf of Plaintiff. *See generally*, F.R.Civ. P. 17. "Every pleading, written motion and other paper must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented . . .[t]he court must strike an unsigned paper . . ." F.R.Civ.P. 11(a). Because the filings at docket entries 11, 12, 13 and 15 were not personally signed by Plaintiff, it is

RECOMMENDED that any relief requested therein be DENIED and that they further be stricken from the record.

## I. Background

Plaintiff brings this suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.c. § 2000e, *et seq*. She alleges that she was employed by Defendant as a landlord from September, 2005 until February, 2006 (DE-3, pg. 2). According to Plaintiff, she was terminated in February, 2006 because of an accusation made by a tenant in the complex who saw her in the vicinity of the apartment from which the dogs were stolen. In addition, Plaintiff contends that the "Jacksonville Police Department implicated [her] and as a result [she] was fired and told when [her] name was cleared [she] could have her job back" (DE-3, pg. 4). Finally, contends that the termination was discriminatory on the basis of race, in that she and the "Mexican maintenance man" were the only ones terminated (DE-3, pg. 3).

## II. Standard of Review

Defendants have filed their motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint...." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999). To survive a Rule 12(b)(6) motion, a plaintiff must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950. Without such "heft," *Id*. at 1947, claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," *Id.* at 1949, fail to nudge claims "across the line from conceivable to plausible." *Id.* at 1951 (quotations omitted).

## III. Analysis

First, Plaintiff's complaint should be dismissed because her claims do not satisfy the Twombly standard. Her complaint simply fails to go beyond "threadbare recitals" and should be dismissed on that ground alone.

Moreover, to state a claim under Title VII, a plaintiff must first exhaust his administrative remedies by filing a timely charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). *See* Bryant v. Bell Atlantic Maryland, Inc., 288 F.3d 124, 142 (4th Cir.2002). To be timely, a charge of discrimination must be filed within 180 days after the alleged discrimination occurred, or within 300 days if the proceedings are initially instituted "with a State or local agency with authority to grant

3

or seek relief...." See 42 U.S.C. § 2000e-5(e)(1); EEOC v. Comm. Office Prod. Co., 486 U.S. 107, 110 (1988). Failure to file a timely charge with the EEOC bars the claim in federal court. *See* McCulloch v. Branch, Banking & Trust Co., 35 F.3d 127, 131 (4th Cir.1994).

Here, Plaintiff claims she was discharged in February, 2006 (DE-3, pg. 2). However, she did not file a claim with the EEOC until July 11, 2008 (DE-3, pg. 4). Under these circumstances, Plaintiff has failed to timely exhaust her administrative remedies, and her claims for discrimination in violation of Title VII must be dismissed for failure to state a claim

**IV. Conclusion**

For the aforementioned reasons, it is HEREBY RECOMMENDED that Defendant's motion to dismiss (DE-5) be GRANTED and that Plaintiff's Complaint (DE-3) be DISMISSED in its entirety.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 23rd day of March, 2010.

_____
William A. Webb
U.S. Magistrate Judge