IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:09-CV-80-FL

| | | |
|---|---|---|
| DORIAN HADDOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| TRIBUTE PROPERTIES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss (DE # 5) and plaintiff's motion for appointment of counsel (DE # 13). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") wherein he recommends that the court grant the motion to dismiss and deny the motion to appoint counsel (DE # 16). Plaintiff timely filed objection to the M&R (DE # 17), and defendant did not respond. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge, denies plaintiff's motion for appointment of counsel, and grants defendant's motion to dismiss.

**BACKGROUND**

On January 13, 2010, the court granted plaintiff's motion for leave to proceed *in forma pauperis* and accepted her proposed complaint for filing. In that complaint, brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., plaintiff alleges that her employer, defendant landlord of an apartment complex, discriminated against her on the basis of race. According to plaintiff, she was wrongfully terminated by defendant on February 6, 2006,

because of a false dognapping accusation made by one of the tenants of the apartment complex, who stated that she saw plaintiff near the apartment from which dogs were taken. Plaintiff further alleges that defendant promised to rehire her if her name was cleared.[1]

On January 29, 2010, defendant moved to dismiss the instant action, arguing that plaintiff did not timely file a charge with the Equal Employment Opportunity Commission ("EEOC") as required by Title VII. In response, on February 10, 2010, plaintiff's sister informed the court that she would be acting as plaintiff's "temporary agent" while plaintiff, who was incapacitated due to surgery, was convalescing. In this capacity, plaintiff's sister requested appointment of counsel. The motion to dismiss and motion for appointment of counsel then were referred to the magistrate judge, who addressed them in an M&R entered March 24, 2010.

In the M&R, the magistrate judge first recommends striking from the record the motion for appointment of counsel, along with other documents filed by plaintiff's sister, because they were not filed by plaintiff personally or by a licensed attorney representing plaintiff. The magistrate judge also recommends dismissing plaintiff's complaint, stating that dismissal is appropriate both because the complaint does not meet the pleading standards required under Bell Atlantic Corp v. Twombly, 550 U.S. 544 (2007) or Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009), and because plaintiff did not timely exhaust her administrative remedies before the EEOC.

Plaintiff filed objection to the M&R on March 31, 2010. In that filing, plaintiff merely states that she is opposed to dismissal of her lawsuit, and also includes a certified copy of the power of attorney in which her sister is given attorney-in-fact authority. Additionally, plaintiff renews her

---

[1] In separate litigation pending before this court, plaintiff alleges that the Jacksonville Police Department wrongfully implicated her in the crime, also due to racial animus. See Haddock v. Jacksonville Police Department, No. 4:09-CV-85-D (E.D.N.C. May 12, 2009).

2

request for appointment of counsel, originally filed by her sister on her behalf, citing the possibility of continuing medical incapacity in the future.

## DISCUSSION

A.    Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

B.    Analysis

1.    Motion for Appointment of Counsel

Plaintiff contends that the filings signed by her sister – including the motion for appointment of counsel – should not be stricken from the record because her sister had been given power of attorney under North Carolina law to act on plaintiff's behalf at the time of those filings. Even so, while a "power of attorney may have conferred certain decision-making rights under state law, . . . it does not allow [plaintiff's sister] to litigate *pro se* on [her] behalf . . . in federal court." In re Radogna, 331 F. App'x 962, 964 (3d Cir. 2009) (per curiam) (unpublished) (citing Powerserver Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001)); accord Estate of Keatinge v. Biddle, 316 F.3d 7, 13-

3

14 (1st Cir. 2002) ("In order to effectively exercise the powers granted to him, the holder of a power of attorney may often need to retain counsel. For example, the holder of a power of attorney is not authorized to appear *pro se* on behalf of the grantor."). Therefore it would not be improper for the court to strike the motion to appoint counsel from the docket.

Nevertheless, where plaintiff personally has renewed the request for appointment of counsel in her objection to the M&R, the court will entertain the motion rather than strike it from the record. There is no constitutional right to counsel in civil cases, but the court will appoint counsel "where the case of an indigent plaintiff presents exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296, 300 (1989). In determining whether exceptional circumstances exist, the court considers "the type and complexity of the case, and the abilities of the individual[] bringing it." Id. Although the court has some concern with the ability of plaintiff to effectively litigate this action in light of the possibility of future medical incapacity, the routine nature of the employment discrimination action involved and the fact that the case must be dismissed, as discussed below, dictate against appointment of counsel. Plaintiff's request is therefore DENIED.

2.    Motion to Dismiss

Plaintiff's objection to that part of the M&R granting defendant's motion to dismiss states only that she is "opposed to dismissal of [her] case against [defendant]," which is not the kind of specific objection necessitating *de novo* review of the magistrate judge's recommendation. Moreover, upon a careful review of the M&R, the court finds the magistrate judge's recommendation to be in accordance with the law and adequately supported by the facts of this case. Where the alleged discriminatory conduct occurred in February 2006 (Compl. ¶ 8) and plaintiff did not file

charges with the EEOC until July 11, 2008 (Id. ¶ 11), plaintiff failed to satisfy Title VII's requirement that a charge be filed within either one hundred and eighty (180) or three hundred (300) days of the discriminatory conduct (depending on whether proceedings were originally instituted before a state or local entity). See 42 U.S.C. § 2000e-5(e)(1). Because this requirement acts as a statute of limitations for litigating such an action in federal court, see McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994), and because plaintiff has offered no argument that waiver, estoppel, or equitable tolling apply in the instant case, see Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982), plaintiff's suit must be dismissed.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court OVERRULES plaintiff's objections (DE # 17) and ADOPTS the recommendations and findings of the magistrate judge (DE # 16) insofar as they are consistent with this order. Plaintiff's motion for appointment of counsel (DE # 13) is DENIED, and defendant's motion to dismiss (DE # 5) is GRANTED. The clerk is directed to close this case.

SO ORDERED, this the 15 day of April, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

5